IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RUFUS D. MCFADDEN**                                                                 **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.: 1:13-cv-494-MTP**

**CHRISTOPHER EPPS, ET AL.**                                                    **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [32]. Having reviewed the submissions of the parties and the applicable law, the Court finds that the Motion [32] should be granted.

## FACTUAL BACKGROUND

On July 25, 2012, Plaintiff Rufus D. McFadden, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. In his complaint and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges that Defendants allowed an inmate infected with mononucleosis to be housed in general population at South Mississippi Correctional Institution ("SMCI") thereby exposing Plaintiff to the disease. According to Plaintiff, Defendants Christopher Epps, E.L. Sparkman, and Mike Hatten were aware of the infected inmate and Plaintiff's health concerns but failed to intervene or take any action to prevent Plaintiff's exposure to the disease.[2] Plaintiff asserts that he began experiencing cold and flu-like symptoms after the infected inmate was placed in general population.

Plaintiff's claims occurred while he was a post-conviction inmate at SMCI, where he is

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff also named Dr. Gloria Perry as a defendant, but the Court previously determined that Plaintiff had not stated a claim against Dr. Perry and dismissed her from the case. *See* Omnibus Order [29].

currently incarcerated.  Plaintiff seeks monetary damages for the alleged constitutional violations.  On January 22, 2014, Defendants filed their Motion for Summary Judgment.  Plaintiff did not respond to the Motion.[3]

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Summary judgment must be rendered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322-23.  The movant bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id*. at 323.  The burden then shifts to the nonmoving party to go beyond the pleadings and designate, by affidavit, depositions, answers to interrogatories, or admissions on file, specific facts showing that there is a genuine issue for trial. *Id*. at 324.

At the summary judgment stage, the Court must consider the facts in the light most favorable to Plaintiff. *Scott v. Harris*, 550 U.S. 372, 378 (2007).  "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 Fed. App'x

---

[3] On April 16, 2014, the Court afforded Plaintiff another opportunity to respond to Defendants' Motion for Summary Judgment, but Plaintiff again failed to respond. *See* Order [34].

666, 667 (5th Cir. 2012).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983.  To the extent Plaintiff has asserted claims against the Defendants in their official capacity, those claims should be dismissed.  The Eleventh Amendment bars "an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Education Service Center*, 307 F.3d 318, 326 (5th Cir. 2002).  "Eleventh Amendment immunity extends to any agency or entity deemed an 'alter ego' or 'arm' of the state." *Id*. (citing *Vogt v. Bd. of Comm'rs*, 294 F.3d 684, 688-89 (5th Cir. 2002)).  A suit "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989).  Therefore, Plaintiff's claims against Defendants in their official capacity amount to a suit against the state of Mississippi.

Section 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1975).  Additionally, Mississippi has not waived its Eleventh Amendment immunity. Miss. Code Ann. § 11-46-3.  Accordingly, the Eleventh Amendment bars Plaintiff's claims asserted against the Defendants in their official capacity, and summary judgment should be entered in Defendants' favor.[4]  That leaves for consideration Plaintiff's Section 1983 claim against Defendants in their individual capacity.

---

[4] A narrow exception to this immunity exists which provides that a state official may be sued in his or her official capacity for *injunctive* relief without violating the Eleventh Amendment. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *Oliver*, 276 F.3d at 742.  That exception does not apply in this case because Plaintiff only seeks monetary relief from Defendants.

Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id*. (quoting 42 U.S.C. § 1983). Accordingly, Plaintiff must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A prison official may not be held liable under this standard unless the plaintiff demonstrates that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838. Plaintiff must "submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly

evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965.

Plaintiff alleges that Defendants allowed an inmate infected with mononucleosis to be housed in general population and, thereby, allowed Plaintiff to be exposed to the disease. Plaintiff alleges that Defendants were aware of this situation. Plaintiff also alleges that he became sick after being exposed to mononucleosis. Indeed, Plaintiff received treatment from the medical department after he complained of cold and flu-like symptoms. (Motion [32] Ex. B at 99-111.) At Plaintiff's request, the medical department tested him for mononucleosis, and the test revealed that Plaintiff did not contract mononucleosis. *Id*.

This fact alone is not necessarily fatal to Plaintiff's claim. The Supreme Court held that a prison official's deliberate indifference to the potential future health risks could constitute a claim under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). *Helling* involved the health risks of exposure to environmental tobacco smoke, but the Supreme Court analogized the case before it with hypothetical situations in which prison officials were deliberately indifferent to other types of potential harms, such as "exposure of inmates to a serious, communicable disease," and expressed its view that such indifference would also be actionable even if "the complaining inmate shows no serious current symptoms." *Id*. at 33.

What is fatal to Plaintiff's claim, however, is Plaintiff's failure to demonstrate that Defendants knew of and disregarded an *excessive* risk to his health. It is well-settled that the Constitution does not protect inmates from all risks, only those that are unreasonable and excessive. *See Farmer*, 511 U.S. at 838. Plaintiff has not presented any evidence demonstrating that an inmate with mononucleosis poses an excessive risk to Plaintiff's health simply because the inmate is in general population along with Plaintiff. Plaintiff has not alleged or established

any facts suggesting that Defendants were aware of a serious danger and ignored that danger. Plaintiff has failed to establish that Defendants acted with deliberate indifference or that he suffered any damage. *See Wright v. Scott*, 31 Fed. App'x 159 (5th Cir. 2001) (holding that inmate failed to demonstrate "deliberate indifference in conjunction with his claims that the defendants refused to give him a Hepatitis B vaccination, did not educate him concerning the risks of exposure to infectious diseases, and did not prevent him from contracting Hepatitis B and Hepatitis C in prison."). Accordingly, Defendants are entitled to judgment as a matter of law.

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because the Court finds that the Plaintiff's claims are not cognizable as constitutional claims, it need not address the issue of whether the Defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgement [32] should be granted.

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment [32] is GRANTED,

2. This action is dismissed with prejudice, and

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 13th day of June, 2014.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge